UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| J. C. PENNEY CORPORATION, INC. | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 05-30206-KPN |
| v. | § § | |
| THERESA TROMPKE, | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff J. C. Penney Corporation, Inc. f/k/a J.C. Penney Company, Inc. and complains of the Defendant Theresa Trompke, and files this original complaint and for cause would show the following:

### I

### Jurisdiction and Venue

1. This Court properly has jurisdiction pursuant to 28 U.S.C. s. 1332 since the matter in controversy is in excess of $75,000 exclusive of interest, costs and attorneys fees and is between citizens of different states. To wit: The Defendant resides in Hampshire County, Massachusetts and the Plaintiff is a Delaware corporation doing business in Massachusetts.

2. Venue is proper in the Superior Court since the events occurred within this jurisdiction.

### II

### The Parties

3. The Plaintiff is the J. C. Penney Corporation, Inc., a Delaware corporation licensed to do business in Massachusetts.

4. The Defendant is Theresa Tompke, a resident of Massachusetts and may be served process at 113 Maximillion Drive, Granby, Massachusetts 01033

## III

### Facts

5. All times relevant hereto the Defendant, Theresa Trompke was an employee of the Defendant and worked in the cash room at the JCPenney Store, #0578-5 in Holyoke, Massachusetts from approximately 1998 through September 23, 2002.

6. The Defendant was responsible for accounting and reconciling revenues, receipts and gift vouchers generated from the Plaintiff's business at the JCPenney store #0578-5.

7. As an employee of the Plaintiff, the Defendant was entrusted to count the cash and reconcile the same with the sales receipts, process gift vouchers to ensure that the gift vouchers would be issued in exchange for the monetarily equivalent of cash or credit and keep accurate records of the daily cash intake by the Plaintiff's store.

8. On or about late August, 2002, the Plaintiff through its Loss Prevention team began to suspect that the Defendant had been converting the Plaintiff's funds to its own use by among other means, taking cash from the cash bags, falsely processing gift vouchers and converting the same for cash for her benefit.

9. An investigation commenced in September 2002 and concluded on September 23, 2002 at which time Defendant admitted that she had engaged in an ongoing scheme to misuse her office and position to manipulate and convert non-bankable funds to cover for missing funds each week.

10. The investigation further revealed that the Defendant, over the a period of four years would take $100.00 bills out of the store cash bag used for the registers and replace them with JCPenney gift certificates in order to cover the missing funds.

11. The Defendant did not document or record the money that she took.

12. Based upon the investigation and interviews with the Defendant, the Defendant stole an average of $700.00 per week amounting to a total of approximately $200,000 over a two-year period.

13. These funds were the property of the Plaintiff who had entrusted the Defendant to keep an accurate accounting of the same as part of her duties and responsibilities.

14. Defendant accomplished this scheme of embezzlement and fraud through knowing misrepresentations that she was properly performing her duties and responsibilities in the cash room when in fact Defendant through concealment of her actions was unjustly enriching herself at the Plaintiff's expense.

15. Defendant used her position with the Plaintiff to gain access to the Plaintiff's gift vouchers and cash proceeds and thereafter used her knowledge of the Plaintiff's register system to convert the same and thereafter represent to the Plaintiff that there were shortages due to shrinkage and customer theft.

16. On or about September 23, 2002 Defendant admitted to the Plaintiff that she had been stealing cash and fraudulently processing gift vouchers on a regular basis.

17. In the course of the investigation, Defendant admitted to the Plaintiff's loss prevention investigator that she accomplished this through her position in the cash room through fraudulent misuse of her office and concealing relevant information from her employer.

18. The Defendant's conduct constitutes fraudulent misrepresentation and concealment and has caused severe damage to the Plaintiff in the amount in excess of $200,000.00, the precise amount of which will be determined at trial.

19. The Plaintiff preferred criminal charges against the Defendant through the office of Massachusetts District Attorney's office.

20. As a result of the charges and the evidence, the Defendant was indicted for criminal larceny.

21. On May 17, 2005 the Defendant admitted under oath that she had committed the crime for which she was charged.

22. Defendant agreed with the state to pay restitution of $60,000 to the Plaintiff.

23. Upon information and belief the Plaintiff asserts that the total amount which Defendant embezzled from the Plaintiff was approximately $200,000.00

24. Plaintiff is seeking damages in the amount of One Hundred and Forty Thousand Dollars ($140,000) and is also seeking costs and attorney's fees.

**WHEREFORE**, the Plaintiff prays that the Court enter judgment for the Plaintiff and:

a) award damages in the amount of $200,000.00 in restitution and such other amounts as may be determined at trail;

b) award reasonable attorney's fees and costs;

c) award such other and further relief as the Court deems just.

Dated this _____ day of September 2005.

                Respectfully submitted,

                ATTORNEY FOR PLAINTIFF,
                J. C. PENNEY CORPORATION, INC.

                _____
                Nicholas A. O'Kelly
                MB# 378225
                Senior Litigation Counsel
                J. C. Penney Corporation, Inc.
                6501 Legacy Drive, MS 1122
                Plano, TX  75024
                Telephone:  (972) 431-2471
                Facsimile:  (972) 431-1133

⹁JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
J.C.Penney Corporation, Inc.

(b) County of Residence of First Listed Plaintiff: Collin County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nicholas A. O'Kelly, J.C.Penney Corpration, Inc.
6501 Legacy Drive Plano, TX 75024 (972) 431-2471

## DEFENDANTS
Therese Trompke

County of Residence of First Listed Defendant: HampHampshire County, M
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☒ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. s.1332
Brief description of cause:
Fraud, Embezzlement, Conversion of funds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: SEPT. 13, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
   Brief Description: <u>Unauthorized reception of cable service</u>

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __J. C. PENNEY    v.   TROMPKE__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☑  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐     Central Division ☐     Western Division ☑

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __NICHOLAS A. O'KELLY__
ADDRESS __6501 LEGACY DRIVE, PLANO TEXAS 75024__
TELEPHONE NO. __(972) 431-2471__

(Coversheetlocal.wpd - 10/17/02)

Dated this 19 day of September 2005.

        Respectfully submitted,

        ATTORNEY FOR PLAINTIFF,
        J. C. PENNEY CORPORATION, INC.

        _____
        Nicholas A. O'Kelly
        MB# 378225
        Senior Litigation Counsel
        J. C. Penney Corporation, Inc.
        6501 Legacy Drive, MS 1122
        Plano, TX 75024
        Telephone: (972) 431-2471
        Facsimile: (972) 431-1133